IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WAVEGUARD INTERNATIONAL, INC., a Utah corporation, WAVEGUARD GMBH, a German corporation, and QI SWISS AG, a Swiss corporation,<br><br>  Plaintiffs,<br><br>v.<br><br>SYNERGY SCIENCE, INC., a Utah corporation, and PAUL BARATTIERO, an individual,<br><br>  Defendants. | **MEMORANDUM DECISION & ORDER GRANTING MOTION TO REMAND**<br><br>Case No. 2:22-cv-00643-JNP-CMR<br><br>District Judge Jill N. Parrish |

Before the court are two motions filed by Waveguard International, Inc., Waveguard GMBH, and Qi Swiss AG (collectively, "Plaintiffs"). The first is a motion to remand this case to the Utah State Court, or in the alternative, to dismiss this case for lack of subject matter jurisdiction. ECF No. 6. The second is a motion for attorneys' fees. ECF No. 16. The court grants the motion to remand and remands the motion for attorneys' fees to the Utah State Court. ECF Nos. 6, 16.

## BACKGROUND

Plaintiffs are companies that produce and sell devices that incorporate Qi technology. Am. Compl. Ex. B, ECF No. 20-2 at 3. Qi technology is designed to provide protection against electromagnetic radiation. *Id.* at 3. Plaintiff Waveguard International entered into a distribution agreement with Defendant Synergy Science, Inc. in February 2020. *Id.* at 4. Plaintiffs allege that Synergy Science breached the terms of the distribution agreement. *Id.* at 7–8.

On March 21, 2022, Plaintiffs filed their initial complaint against Synergy Science and Paul Barattiero, the Chief Executive Officer of Synergy Science (collectively "Defendants") in the Fourth Judicial District Court for Utah County ("Utah Court"). *Waveguard International Inc., et al. v. Synergy Science Inc., et al.*, Case No. 22030053 (filed Mar. 21, 2022); Compl. Ex. A, ECF No. 20-1. On June 1, 2022, Plaintiffs amended their complaint and alleged that Defendants had engaged in (1) common law trademark infringement, (2) common law unfair competition, (3) violations of the Utah Truth in Advertising Act, UTAH CODE § 13-11a-1 *et seq.*, (4) breach of contract, (5) breach of the implied covenant of good faith and fair dealing, and (6) misappropriation of trade secrets. Am. Compl. Ex. B, ECF No. 20-2 at 8–17.

On June 17, 2022, Plaintiffs filed a motion seeking a temporary restraining order ("TRO") against Defendants. Docket Ex. A, ECF No. 6-1 at 3. On July 12, 2022, after hearing oral argument, Judge Elridge granted the TRO. *Id.* Defendants were ordered to refrain from selling products that were knock-offs of Plaintiffs' products, using Plaintiffs' intellectual property or trademarked products, and disclosing Plaintiffs' confidential information. Hr'g Dep. 7:12–25, ECF No. 27-1. Judge Elridge then set a preliminary injunction hearing for August 31, 2022. Mot. at 3, ECF No. 6.

Upon discovering that Defendants were not complying with the TRO, Plaintiffs filed a motion to enforce the TRO and for sanctions. Docket Ex. A, ECF No. 6-1 at 4. On August 31, 2022, Judge Elridge held an evidentiary hearing on the motion for preliminary injunction and the motion for sanctions. On September 7, 2022, Judge Elridge issued an oral ruling granting the preliminary injunction. *Id.* at 8; Hr'g Dep. 13:21–23, ECF No. 27-1. ("I would authorize a preliminary injunction. I think we need to discuss what the language of that preliminary injunction is going to be."). Judge Elridge also concluded that "[a]s far as the contempt order

goes, again, I think that Plaintiffs are entitled to their reasonable attorney fees." *Id.* at 27:6–8. Judge Elridge ordered Plaintiffs to draft a proposed preliminary injunction order and a proposed contempt order. *Id.* at 25:22–28:3; 31:19–22.

Plaintiffs prepared the proposed orders and, on September 21, 2022, sent them to Defendants. Mot. at 3, ECF No. 6. Although the initial deadline for Defendants to file objections to the proposed orders was September 28, 2022, the parties stipulated to extend the deadline to October 5, 2022. *See* UTAH R. CIV. P. 7(j)(4); Req. Submit Pls.' Proposed Order Preliminary Inj. & Mot. Enforce TRO & Sanctions Ex. 5, ECF No. 6-1 at 55.

In addition to drafting the proposed orders, Plaintiffs were also preparing a second amended complaint. On September 30, 2022, Plaintiffs filed a motion for leave to amend their complaint in the Utah Court and emailed a copy of the proposed second amended complaint to Defendants. Email from R. Rose to N. Frandsen (Sep. 30, 2022, 12:23 PM) Ex. D, ECF No. 20-4. The proposed second amended complaint added claims for two violations of the Lanham Act, 15 U.S.C. §1125(a). Second Am. Compl. Ex. B, ECF No. 20-3 at 22–24. On October 4, 2022, Plaintiffs and Defendants subsequently agreed on a stipulated motion allowing Plaintiffs to amend their complaint.

> Nick,
>
> Please see the attached stipulated motion and proposed order. Let me know if you have any questions or changes and I can get this on file today.

Email from R. Rose to N. Frandsen (Oct. 4, 2022, 10:08 AM) Ex. 3, ECF No. 6-1.

> Thanks Rick. You may add my electronic signature and file.

Email from N. Frandsen to R. Rose (Oct. 4, 2022, 3:08 PM) Ex. 3, ECF No. 6-1.

3

> Thanks, Nick. I will get that on file in the morning and email the court (copying you) letting them know the motion to amend can be disregarded given the stipulated motion.

Email from R. Rose to N. Frandsen (Oct. 4, 2022, 4:45 PM) Ex. 3, ECF No. 6-1.

The stipulated motion to amend stated that "Parties also stipulate that the Second Amended Complaint may be deemed filed and served against Defendants as of the date that the Court enters an order granting this Motion." Stipulated Mot. Am. Compl. Ex. 2, ECF No. 6-1 at 13. However, before Plaintiffs could file the stipulated motion, Defendants filed a notice of consent and removed the case to federal court. The stated basis for federal jurisdiction was the two Lanham Act claims that had been added in the Second Amended Complaint. Notice Written Consent Ex. 4, ECF No. 6-1. The notice of written consent stated that "Plaintiffs' Second Amended Complaint attached to Plaintiffs' Motion for Leave to Amend Complaint shall be deemed filed and served as of this October 5, 2022 and Plaintiffs need not serve it on Defendants again." *Id.* While the stipulated motion had specified that the second amended complaint would be deemed filed on the date that the Utah Court granted the motion, Defendants' written consent stated that the second amended complaint was deemed filed immediately.

Six days later, on October 11, 2022, Judge Elridge signed an order granting the stipulated motion to amend the complaint, and an order granting a preliminary injunction, enforcing the TRO, and imposing sanctions. Order Granting Mot. Am. Ex. F, ECF No. 20-6; State Court Order Ex. B, ECF No. 27-2.

## ANALYSIS

Plaintiffs argue that there was no basis for removal because the second amended complaint was not operative at the time Defendants filed their notice of removal. Plaintiffs therefore ask the court to do one of the following: remand the case back to the state court, dismiss this action for

4

lack of subject matter jurisdiction, or keep the case and enforce the state court orders. The court is persuaded that the most appropriate action is to remand the case to Judge Elridge of the Fourth Judicial District for Utah County, State of Utah.

The court first addresses whether the second amended complaint was operative at the time that Defendants attempted to remove the case. While the second amended complaint alleges two violations of the Lanham Act, 15 U.S.C. §1125(a), the amended complaint, includes only state law causes of action.  Second Am. Compl. Ex. B, ECF No. 20-3 at 22–24; Am. Compl. Ex. B, ECF No. 20-2 at 8–17. "[D]istrict courts shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. If the second amended complaint was not effective on removal, there is no federal question at issue and this court lacks subject matter jurisdiction over this case. "A case originally filed in state court may be removed to [this] court if, but only if, 'federal subject-matter jurisdiction would exist over the claim.'" *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (citation omitted).

The court is convinced that the amended complaint was not operative when Defendants attempted to remove the case to federal court on October 5, 2022. Rule 15(a)(2) of the Utah Rules of Civil Procedure governs amendments other than those made as a matter of course, and states that "[i]n all other cases, a party may amend its pleading only with the court's permission or the opposing party's written consent. . . .The court should freely give permission when justice requires." UTAH R. CIV. P. 15(a)(2). It is undisputed that the state court did not give leave to amend the complaint prior to removal.

Defendants assert that the amended complaint was deemed filed on October 5, 2022 because Plaintiffs had emailed them a copy of the amended complaint on September 30, 2022, and Defendants had filed a written consent to the amended complaint on October 5, 2022. As evidenced

5

by the use of the disjunctive "or," Rule 15(a)(2) allows parties to jointly consent to amend a complaint without the court's intervention. UTAH R. CIV. P. 15(a)(2) (emphasis added) ("[A] party may amend its pleading only with the court's permission *or* the opposing party's written consent.").

However, Defendants' purported "consent" materially misrepresented the parties' agreement. Plaintiffs and Defendants had jointly stipulated that the amended complaint would be deemed filed only "as of the date that the [state] Court enters an order granting this Motion." Stipulated Mot. Am. Compl. Ex. 2, ECF No. 6-1 at 13. Defendants excluded this language in the written consent to the amendment that they filed on October 5, 2022. By filing a notice of written consent with an effective date that was different from the agreed upon date, Defendants were not consenting to the amended complaint that the Plaintiffs had proposed. Therefore, the amended complaint was not deemed filed on October 5, 2022.

Having found that the second amended complaint was not operative on the date of removal, there are no federal claims in the complaint. The court therefore concludes that it lacks subject matter jurisdiction over this case. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The court accordingly remands this case to the Utah Court.

Plaintiffs also filed a motion for attorneys' fees, ECF No. 16, arising from Defendants' violation of the TRO dated July 12, 2022.[1] Because the court lacks subject matter jurisdiction over the case, it also lacks jurisdiction to consider the motion for fees.

---

[1] In his oral ruling on September 7, 2022, Judge Elridge stated that "based on the evidence, it does appear to me that there were violations of the restraining order" and that "[a]s far as the contempt order goes, again, I think that Plaintiffs are entitled to their reasonable attorney fees." Hr'g Dep. 14:7–9; 27:6–8.

In short, the court remands this case to Judge Elridge of the Fourth Judicial District for Utah County, State of Utah. If an amended complaint is later filed that contains a basis for federal subject matter jurisdiction, Defendants may then remove the case to federal court.

## CONCLUSION & ORDER

The court GRANTS Plaintiffs' motion for remand and remands the case to Judge Elridge of the Fourth Judicial District for Utah County, State of Utah. ECF No. 6.

DATED March 1, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge